IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD KIM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1654 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner, a state inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2000 state judgment of deferred adjudication and 2003 judgment adjudicating guilt for indecency with a child by sexual contact. A copy of the state court record was filed by respondent. Because the record showed that the petition was barred by limitations, the Court ordered petitioner to show cause why the petition should not be dismissed. Petitioner failed to respond to the show cause order, and the Court dismissed this case for want of prosecution on September 17, 2007.

On September 24, 2007, petitioner filed a response to the show cause order, and argued that the petition was not barred by limitations. (Docket Entry No. 20.) The Court construes the response as a motion for new trial.

The state court record shows that on May 2, 2000, petitioner pleaded guilty to the charge of indecency with a child and was placed on five years deferred adjudication. The

judgment was affirmed on direct appeal. *Kim v. State*, No. 14-00-00815-CR (Tex. App. – Houston [14th Dist.] 2001, no pet.) (not designated for publication).

The trial court subsequently adjudicated petitioner's guilt on March 5, 2003, and sentenced him to five years imprisonment and a $10,000.00 fine. The judgment was affirmed on appeal. *Kim v. State*, No. 10-00155-CR (Tex. App. – Waco 2004, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on March 2, 2005, and dismissed petitioner's state habeas application on January 26, 2005 for failure to comply with rule 73.2 of the Texas Rules of Appellate Procedure. Petitioner filed the pending federal habeas petition on May 10, 2007.

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2). A district court may dismiss a federal habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006).

An order deferring adjudication is a judgment for purposes of triggering the AEDPA one-year statute of limitations. *Caldwell v. Dretke*, 429 F.3d 521, 529-30 (5th Cir. 2005), *cert. denied sub nom. Caldwell v. Quarterman*, __U.S.__, 127 S. Ct. 431 (2006). Petitioner's deferred adjudication judgment was affirmed on August 9, 2001, and became final thirty days later on September 9, 2001. Accordingly, petitioner's conviction became final for purposes of AEDPA on September 9, 2001 and the one-year limitation expired on September 9, 2002. Even assuming petitioner's state habeas application was "properly filed" in 2004, it was filed after expiration of the federal limitation and had no tolling effect. *See Scott v. Johnson*, 227

F.3d 260, 263 (5th Cir. 2000). The instant habeas petition shows on its face that it is barred by limitations as to any challenges to the 2000 judgment.

The state court record further shows that petitioner's 2003 judgment adjudicating guilt was affirmed on direct appeal, and that the Texas Court of Criminal Appeals refused discretionary review on March 2, 2005. The judgment was "final" ninety days later on June 2, 2005, and limitations expired one year later on June 2, 2006. To any extent that it challenged the 2003 judgment, petitioner's application for state habeas relief, filed in 2004 and dismissed by the Texas Court of Appeals on January 26, 2005 for failure to comply with Rule 73.2 of the Texas Rules of Appellate Procedure, was not a "properly filed" state habeas application and did not toll federal limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Caldwell v. Dretke*, 182 Fed. Appx. 346, 347 (5th Cir. 2006). The instant habeas petition shows on its face that it is barred by limitations as to any challenges to the 2003 judgment adjudicating guilt.

The motion for new trial (Docket Entry No. 20) is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on October 4, 2007.

_____
Gray H. Miller
United States District Judge